RECEIVED
IN ALEXANDRIA, LA.

JUN 2 4 2009

TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| SUJUAN JIANG,[1] <br> Petitioner | CIVIL ACTION <br> NO. CV09-0749-A |
| VERSUS | |
| U.S. ATTORNEY GENERAL, et al., <br> Respondents | JUDGE JAMES T. TRIMBLE <br> MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before this court is a petition filed pursuant to 28 U.S.C. § 2241 by petitioner Sujuan Jiang ("Jiang") on May 7, 2009. Jiang, a citizen of China, contests her continued detention by the Bureau of Customs and Immigration Enforcement ("BICE") pending her removal from the United States. At the time of filing her petition, Jiang was being detained in the LaSalle Parish Detention Center in Jena, Louisiana. The sole relief requested by Jiang is release from custody pending her removal from the United States, pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).

The Respondents filed a motion to dismiss Jiang's habeas petition (Doc. Item 8). The Respondents show, through an affidavit by Brian Gueringer, Assistant Officer in Charge for the Department of Homeland Security, United States Immigration and Customs

---

[1] Petitioner's name is spelled a both "Sujuan Jiang" and "Shu Juan Jiang" in her petition. Documents signed by Jiang (Doc. 8) indicate her name is correctly spelled "Shu Juan Jiang."

Enforcement facility at Oakdale, Louisiana, that Jiang was released under supervision on June 11, 2009, and is residing in New York (Doc. 8, Exs.). Respondents contend that, since Jiang has been provided with the relief sought in her habeas petition, her petition should be dismissed as moot.

If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot. With the designation of mootness comes the concomitant designation of non-justiciability. American Medical Ass'n v. Bowman, 857 F.2d 267, 270 (5th Cir. 1988), and cases cited therein. Since Jiang has been afforded the sole relief sought in her habeas petition, Respondents' motion to dismiss should be granted and Jiang's habeas petition should be dismissed as moot.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Respondents' motion to dismiss be GRANTED and that Jiang's habeas petition be DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District

2

Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 24th day of June, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE